## MUNICIPAL CORPORATIONS—CRIMINAL LAW—RECORD— EVIDENCE.

[Lorain (8th) Circuit Court, May 8, 1905.]

Marvin, Winch and Henry, JJ.

### CARL ESCH v. ELYRIA (CITY).

1. COUNCIL MAY MAKE NOISY CONDUCT, ETC., A PENAL OFFENSE UNDER LAN. R. L. 3102 (B. 1536-100).

A municipal council has authority, under favor of Lan. R. L. 3102 (B. 1536-100), to pass an ordinance making it a penal offense for a person to conduct himself in a noisy, rude, insulting and disorderly manner by words and acts towards another, and in such manner as to annoy the citizens and disturb the good order and quiet of the municipality.

2. MAYOR TAKES JUDICIAL NOTICE OF ORDINANCES—RULE WITH RESPECT TO COURTS OF RECORD.

The mayor of a municipal corporation is bound to take judicial notice of the city ordinances, but the courts of record are not so bound. The latter courts only take notice of such enactments when they are incorporated into the bill of exceptions and made a part of the record.

3. WHEN REVIEWING COURT WILL PRESUME THAT MAYOR DID NOT ERR IN FINDING THAT PENAL ORDINANCE WAS PASSED, ETC.

A reviewing court will presume that the mayor did not err in finding that the council had passed a penal ordinance, when it appears that it was within its power to pass an ordinance making certain acts, which are set forth in the affidavit under which the defendant was arrested and tried before the mayor, a penal offense.

ERROR to Lorain common pleas court.

**Fritz Rudin,** for plaintiff in error:

The affidavit is insufficient because it omits to charge the alleged offense or offenses therein attempted to be charged, as having been wilfully committed, as required by the ordinance. *Drake* v. *State,* 19 Ohio St. 211; *Arata* v. *State,* 12 Dec. 730.

The affidavit fails to charge the alleged offense or offenses as having been committed to the annoyance of the citizens "of this village or any portion thereof," as defined by the ordinance. *Hummel* v. *State,* 10 Dec. 492 (8 N. P. 48); *Jefferies* v. *Defiance,* 11 Dec. Re. 144 (25 Bull. 68); *Pope* v. *Cincinnati,* 2 Circ. Dec. 285 (3 R. 497); *Davis* v. *State,* 19 Ohio St. 270; *State* v. *Ritzman,* 8 Dec. 685 (7 N. P. 613).

The affidavit is also duplicitous. *Mulhauser* v. *State,* 25 O. C. C. 81.

The affidavit in its material and constituent facts, describing the acts done by the defendant, charges an assault and battery only. *Hummel* v. *State,* 10 Dec. 492 (8 N. P. 48); *Lamberton* v. *State,* 11 Ohio 282; *Redmond* v. *State,* 35 Ohio St. 81.

Esch v. Elyria.

The mayor has no jurisdiction to punish or hear except for purpose of binding over on assault and battery charge.    *Wellsville* v. *O'Connor,* 24 O. C. C. 689; Lan. R. L. 10899, 10900 (R. S. 7146, 7147); *Winn* v. *State,* 10 Ohio 345.

New trials.   *Stone* v. *State,* 12 Dec. 154; Lan. R. L. 3359 (R. S. 1826; B. 1536-878).

Disorderly conduct.   *Jefferies* v. *Defiance,* 11 Dec. Re. 144 (25 Bull. 68); *Vanvalkenburg* v. *State,* 11 Ohio 404.

**W. B. Johnston,** for defendant in error.

**MARVIN, J.**

In the case of Carl Esch against the city of Elyria, Esch was prosecuted before the mayor of the city of Elyria, an affidavit having been filed with the mayor, charging him in these words:

"Before me, Thomas Folger, mayor of said city in said county, personally came Mrs. Olive Hulf, who being duly sworn according to law, deposeth and saith, that on or about the twelfth day of August, A. D. 1904, at the county of Lorain and city of Elyria, one Carl Esch, late of said city and county, unlawfully did conduct himself in a noisy, rude and insulting and disorderly manner by words and acts toward one Grover Hulf, by striking him in the breast and by striking him in the face, with intent to abuse the said Grover Hulf, and so as to annoy the citizens and disturb the good order and quiet of the city of Elyria, contrary to the form of the ordinance in such cases made and provided."

There are some things curious about this: what words were uttered? The affidavit says he disturbed the peace by the use of boisterous words, to wit: he struck somebody in the face.  But council had a right, under Lan. R. L. 3102 (B. 1536-100) to pass an ordinance which would make what is charged in that affidavit an offense.  Among the things that it is provided, in the section referred to, that the council of a municipality may do, is "To prevent riot, gambling, noise and disturbance, indecent or disorderly conduct or assemblages, and to preserve the peace and good order, and protect the property of the corporation and its inhabitants."

Clearly the municipality had a right to pass an ordinance which would make it an offense to do the things which it is here charged were done.  But it is said that it is not here charged that those things were done which are prohibited by the ordinance.   The answer to that is, We do not know what the ordinance is.  We know that the city had a right to pass an ordinance that would make the things here charged

an offense. And I take occasion to say a little on that, because there has been a good deal of misunderstanding about it. The mayor of course was bound to take judicial notice of the ordinances of the city, but the higher courts will not take judicial notice of the ordinances of a municipality. To require that would require the Supreme Court of Ohio to take judicial notice of every ordinance in every village in Ohio. It cannot be done; it is not done. This court has distinctly held in two cases, one of which has gone to the Supreme Court and been affirmed, that we cannot take judicial notice of an ordinance, and we cannot reverse a case unless error is apparent.

The mayor found that an ordinance had been violated. We find the municipality had a right to pass an ordinance which would be violated by the happening of the facts charged in this affidavit. We are bound to presume that the mayor did not err in finding that the municipality had passed such ordinance.

It is asked, Then how is the reviewing court to know what the ordinance is? So far as I know, the only way is for the bill of exceptions to show what the evidence was, and to show in addition what the ordinance was. It is true the ordinance would not be introduced on the trial in evidence before the mayor, but the only reason it would not be, is because he is bound to know it, and therefore it is a fact before him; and so the bill of exceptions should show what the ordinance was; the mayor should certify with the other evidence in the case what the ordinance is; then the reviewing court will take notice of it, not because it takes judicial notice of the ordinance of municipalities, but because it has before it, by the certificate of the mayor, in its bill of exceptions, what the ordinance is under which the prosecution was had. In no other way can it properly be brought to a reviewing court.

This court has, in at least two cases, reversed the municipal court where the ordinance did not appear; but in both cases it was because we found that the facts charged in the affidavit could not constitute an offense under any ordinance which the municipality had authority to pass, and that, therefore, no difference what the ordinance attempted to be passed was, that there could not be an ordinance, authorized by law, which would make an offense of the facts charged in the affidavit. The judgment is affirmed.

**Winch** and **Henry, JJ.,** concur.